IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **J.T.** by and through his mother **A.F.**, | ) ) ) | |
| v. | ) ) | 12CV3203 Jury Demand |
| **JULIE HAMOS**, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, **J.T.** by and through his mother **A.F.**, | ) ) ) ) ) ) | |

## MOTION FOR PRELIMINARY INJUNCTION

**NOW COMES** Plaintiff, by and through his attorney, Michelle N. Schneiderheinze, and pursuant to Rule 65, Federal Rules of Civil Procedure, respectfully moves this Honorable Court for a Preliminary Injunction enjoining the Defendant, Julie Hamos, from failing to take immediate and affirmative steps to arrange and fund Plaintiffs' medically necessary residential treatment placement as required under the Early and Periodic Screening, Diagnostic, and Treatment Services (EPSDT) provisions of Title XIX of the Social Security Act ("Medicaid Act") 42. U.S.C. Sec. 1396 *et. seq.* In support of this motion, Plaintiffs state as follows:

1. The Seventh Circuit has determined that states like Illinois are "required to fund the cost of placement in a PRTF if it is deemed 'medically necessary' by an EPSDT screening." See Collins v. Hamilton, 349 F.3d 371, 376 (7th Cir. 2003).

2. On July 10, 2012, Dr. Eddie Y. Ramirez recommended that J.T. receive comprehensive treatment at a residential facility.

3. On July 12, 2012, the undersigned counsel forwarded Dr. Ramirez's recommendation to Defendant with a request that Defendant implement Dr. Ramirez's recommendations.

4. J.T. has been unable to obtain the medically necessary services to treat and ameliorate his disorders as prescribed by Dr. Ramirez.

5. On information and belief, between July 1, 2012 and July 18, 2012, J.T. was evaluated numerous times by SASS because of increased aggression, failure to take his medications, and elopement.

6. On information and belief, between July 1, 2012 and July 18, 2012, after SASS screened J.T., SASS failed to arrange for and provide medically necessary treatment to J.T.

7. On or about July 18, 2012, J.T. was placed in the Vermilion County Juvenile Detention Center for violating the conditions of his home confinement[1] by leaving his home.

8. On July 28, 2012, while J.T. was in the Vermilion County Juvenile Detention Center, J.T. was evaluated for admission to Options, a Psychiatric Residential Treatment Facility (PRTF) in Indianapolis, Indiana.

9. On July 30, 2012, J.T. was found to be an appropriate candidate for treatment in the Options program.

10. Defendant has previously contracted with Options and/or its parent company (Acadia) to provide services to other Medicaid eligible children.

11. Plaintiff has a medical necessity for PRTF placement.

12. Plaintiff will suffer harm if an injunction does not issue in this matter.

13. A temporary or preliminary injunction will have no serious fiscal impact on the State, and any inconvenience is far outweighed by the harm to the Plaintiff if he

---

[1] J.T. was placed on home confinement after being charged with domestic battery. The victim of the domestic battery was J.T.'s mother, A.F.

2

is forced to move to a hospital (institution) or face the risk of remaining at home with insufficient services to address their conditions.

14.   The granting of a Temporary Injunction would have no detrimental effect on the public.

15.   Based upon the showing the Plaintiff has made regarding the merits of this case, this Court should conclude that the public interest favors interim enforcement of the EPSDT mandate.

16.   Plaintiff has filed a supporting memorandum which is incorporated herein by reference.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A. Enter a Preliminary Injunction enjoining the Defendant, Julie Hamos, from failing to take immediate and affirmative steps to arrange and fund Plaintiffs medically necessary residential treatment placement.

B. That this Court waive or excuse the filing of any security or bond by the Plaintiffs.

Respectfully submitted,

*/s/ Michelle N.Schneiderheinze*
Attorney for the Plaintiffs
Michelle N. Schneiderheinze
2401 E. Washington Street
Suite 200
Bloomington, IL 61704
(309)533-7340
(888)503-5730
michelle@mnslawoffice.com