IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **J.T.** by and through his mother **A.F.**, | ) |
| | ) |
| v. | ) 12CV3203 |
| | ) Jury Demand |
| **JULIE HAMOS**, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, | ) |

**PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER**

Now comes Plaintiff by and through his attorney, Michelle N. Schneiderheinze, and pursuant to Federal Rule of Civil Procedure 65, respectfully moves this Honorable Court for an Order requiring Defendant, Julie Hamos, to provide Medicaid coverage for placement in a Psychiatric Residential Treatment Facility ("PRTF") found to be "medically necessary" as required under the Early and Periodic Screening, Diagnostic, and Treatment Services (EPSDT) provisions of Title XIX of the Social Security Act ("Medicaid Act") 42. U.S.C. Sec. 1396 *et. seq.* In support of this motion, Plaintiff states as follows:

1. The Seventh Circuit has determined that states like Illinois are "required to fund the cost of placement in a PRTF if it is deemed 'medically necessary' by an EPSDT screening." See Collins v. Hamilton, 349 F.3d 371, 376 (7th Cir. 2003).

2. On July 10, 2012, Dr. Eddie Y. Ramirez recommended that J.T. receive comprehensive treatment at a residential facility.

3. On July 12, 2012, the undersigned counsel forwarded Dr. Ramirez's recommendation to Defendant with a request that Defendant implement Dr. Ramirez's recommendations.

4. J.T. has been unable to obtain the medically necessary services to treat and ameliorate his disorders as prescribed by Dr. Ramirez.

5. On information and belief, between July 1, 2012 and July 18, 2012, J.T. was evaluated numerous times by SASS because of increased aggression, failure to take his medications, and elopement.

6. On information and belief, between July 1, 2012 and July 18, 2012, after SASS screened J.T., SASS failed to arrange for and provide medically necessary treatment to J.T.

7. On or about July 18, 2012, J.T. was placed in the Vermillion County Juvenile Detention Center for violating the conditions of his home confinement[1] by leaving his home.

8. On July 28, 2012, while J.T. was in the Vermillion County Juvenile Detention Center, J.T. was evaluated for admission to Options, a Psychiatric Residential Treatment Facility (PRTF) in Indianapolis, Indiana.

9. On July 30, 2012, J.T. was found to be an appropriate candidate for treatment in the Options program.

10. Defendant has previously contracted with Options and/or its parent company (Acadia) to provide services to other Medicaid eligible children.

11. Plaintiff has a medical necessity for PRTF placement.

12. Plaintiff will suffer harm if an injunction does not issue in this matter.

13. A temporary or preliminary injunction will have no serious fiscal impact on the State, and any inconvenience is far outweighed by the harm to the Plaintiff if he is forced to move to a hospital (institution) or face the risk of remaining at home with insufficient services to address their conditions.

---

[1] J.T. was placed on home confinement after being charged with domestic battery. The victim of the domestic battery was J.T.'s mother, A.F.

14. The granting of a Temporary Injunction would have no detrimental effect on the public.

15. Based upon the showing the Plaintiff has made regarding the merits of this case, this Court should conclude that the public interest favors interim enforcement of the EPSDT mandate.

16. Plaintiff has filed a supporting memorandum which is incorporated herein by reference.

WHEREFORE, Plaintiff respectfully request that this Court grant Plaintiff's Motion for Temporary Restraining Order and Order that the Defendant, Julie Hamos, is enjoined from failing to take immediate and affirmative steps to arrange and fund Plaintiff's medically necessary residential treatment as required under the Early and Periodic Screening, Diagnostic, and Treatment Services (EPSDT) provisions of Title XIX of the Social Security Act ("Medicaid Act") 42. U.S.C. Sec. 1396 *et. seq.*

Respectfully submitted,

*/s/ Michelle N.Schneiderheinze*
Attorney for the Plaintiffs
2401 E. Washington Street
Suite 200
Bloomington, IL 61704
(309)533-7340
(888)503-5730(fax)
michelle@mnslawoffice.com

STATE OF ILLINOIS            )
COUNTY OF VERMILION     )

    Under penalties as provided by law, the undersigned certifies that the statements set forth in this Verified Motion for Temporary Restraining Order are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.



                                     **A.F.**