IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J.T., by and through his Mother, A.F., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 12-cv-3203 ) |
| JULIE HAMOS, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, | ) ) ) ) ) ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Julie Hamos, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, filed a Motion to Dismiss or Transfer Case to Northern District of Illinois (d/e 27). Defendant asserts that dismissal of this case is warranted because on February 13, 2014 the District Court for the Northern District of Illinois certified a class action in N.B. v. Hamos, Case No. 11 C 06866, which raises identical issues. In the alternative, Defendant asserts that if the Court prefers to transfer the case, the Court should decline to rule on the motion to dismiss and transfer

the case to the Northern District.  For the reasons that follow, the Motion to Dismiss or Transfer is DENIED.  However, the Court, <u>sua sponte</u>, stays this case pending resolution of the class action.

### I. BACKGROUND

A. <u>The Instant Lawsuit</u>

On August 2, 2012, Plaintiff J.T., by and through his mother, A.F. (collectively referred to as "S.B."), filed this action.  A.F. alleges he is a Medicaid-eligible person under the age of 21 who has an emotional disorder but is not being provided with treatment required by federal law.

The Complaint (d/e 1) seeks declaratory and injunctive relief for violations of the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") program of Medicaid and 42 U.S.C. § 1983 (Count 1); the Americans with Disabilities Act ("ADA") and § 1983 (Count 2), and the Rehabilitation Act (Count 3).  Specifically, J.T. seeks a declaratory judgment that Defendant's failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful.  J.T. also seeks to enjoin Defendant from subjecting Plaintiff to practices that violate J.T. rights under

the Medicaid Act, the ADA, and the Rehabilitation Act. J.T. requests money damages under the Rehabilitation Act (Count 4).

On August 8, 2012, this Court entered an Agreed Order directing Defendant to procure a contract for appropriate treatment and placement at a psychiatric residential treatment facility ("PRTF") for J.T. (d/e 8). In his response to the Motion to Dismiss or Transfer, J.T. advises the Court that after he obtained treatment in the PRTF for several months, he returned to live with his family. J.T. is not currently seeking any additional injunctive relief in this action. Pl.'s Resp., d/e 33, p. 1.

Nonetheless, in the Motion for Partial Summary Judgment J.T. filed in December 2013 (which has not yet been fully briefed), J.T. seeks judgment as to liability on all four counts and a trial on the issue of damages in Count 4. Moreover, J.T. asserts in the Motion for Partial Summary Judgment that:

> Defendant is knowingly denying J.T. and other children medically necessary treatment to which they are entitled to under the EPSDT provisions of the Medicaid Act by forcing them to either forgo treatment altogether or obtain it by subjecting themselves to extended and repeated psychiatric hospitalization[s]. Defendant's conduct is in clear violation of the Medicaid Act, the Americans with Disabilities Act[,] and the Rehabilitation Act.

Pl. Mot. for Partial Summ. J., d/e 25, pp. 4-5.

B. <u>The N.B. v. Hamos Lawsuit Filed in the Northern District of Illinois</u>

The <u>N.B. v. Hamos</u> lawsuit in the Northern District of Illinois was filed in September 2011. The original Complaint, filed solely by plaintiff N.B., contained the same four counts contained in the Complaint in <u>J.T. v. Hamos</u>. See <u>N.B. v. Hamos</u>, Case No. 11 C 06866, d/e 1. Unlike the <u>J.T.</u> Complaint, the <u>N.B.</u> Complaint also contained class action allegations.

N.B.'s Amended Complaint, filed October 12, 2011, and Second Amended Complaint, filed August 23, 2012, included additional plaintiffs. <u>Id.</u> at d/e 15, 54. Only N.B., however, seeks damages in Count 4.

The Second Amended Complaint in <u>N.B. v. Hamos</u> differs slightly from the Complaint in <u>J.T. v. Hamos</u> in regard to the relief sought. See Exhibit to Mot. to Dismiss, d/e 32. Like the Complaint in <u>J.T. v. Hamos</u>, the Second Amended Complaint in <u>N.B. v. Hamos</u> seeks a declaratory judgment that Defendant's failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful, an injunction to bar Defendant from

subjecting Plaintiffs (and the class) to practices that violate their rights under the Medicaid Act, the ADA, and the Rehabilitation Act, money damages for N.B. under the Rehabilitation Act, and attorney's fees and costs.

The Second Amended Complaint also seeks, however, preliminary and permanent injunctive relief for violations of the "integration mandate" and seeks an order requiring Defendant to (1) inform individuals with disabilities that they may be eligible for community-based services and have the choice of such services; (2) regularly provide assessments to determine eligibility for community-based services; and (3) promptly provide appropriate services and support to qualifying individuals in the community, creating a viable alternative to treatment in institutional settings. See d/e 32; see also N.B. v. Hamos, Case No. 11 C 06866, d/e 54, p. 43.

On February 13, 2014, United States District Judge John J. Tharp, Jr., certified the following class:

> All Medicaid-eligible children under the age of 21 in the State of Illinois: (1) who have been diagnosed with a mental health or behavioral disorder; and (2) for whom a licensed practitioner of the healing arts has

recommended intensive home- and community-based services to correct or ameliorate their disorders.

N.B. v. Hamos, -- F. Supp. 2d ---, 2014 WL 562637, at *14 (N.D. Ill. Feb. 13, 2014). The court certified the class under Rule 23(b)(2) for injunctive or declaratory relief only. Id. at 12 (noting that "success on the plaintiffs' claims will require policy modifications to properly implement EPSDT and the integration mandate"). The court appointed attorneys Michelle N. Schneiderheinze (the attorney in J.T. v. Hamos), Robert H. Farley, Jr., and Mary Denise Cahill as class counsel. Id. at 14.

## II. ANALYSIS

Defendant argues that this cause of action should be dismissed in light of the Northern District's certification of a class that encompasses the plaintiff and claims pending in this Court. In the alternative, the Court should decline to rule on the dismissal motion and transfer the case to the Northern District.

In support thereof, Defendant asserts that J.T. has no right to opt out of a Rule 23(b)(2) class and, therefore, cannot maintain a separate individual action. Defendant further asserts that allowing J.T. to proceed on his individual suit would lead to the type of

inconsistent court rulings class certification is designed to prevent and would inhibit settlement.

J.T. responds that dismissal is not appropriate. While those plaintiffs who need medically necessary treatment in the future may benefit from the N.B. class certification, the class certification does not negate J.T.'s claims, which are too individualized to be handled within the confines of the N.B. class as it is currently defined. Pl.'s Resp., d/e 33, p. 5. J.T. further notes that under certain circumstances a plaintiff can opt out of a Rule 23(b)(2) class.

J.T. also argues that dismissal or transfer are not warranted because he is currently only seeking damages and attorney's fees for Defendant's prior conduct with respect to J.T. Finally, J.T. asserts that transfer is not warranted because the damages claim is not subject to class treatment, the potential for inconsistent rulings is non-existent (because, according to J.T., the law is clear), and transfer would cause unnecessary delay and additional burdens.

J.T. is part of the class certified in the Northern District. Judge Tharp did not provide an opt-out provision, and J.T. has not sought to opt out of the class. See Johnson v. Meriter Health Servs. Emp. Ret. Plan, 702 F.3d 364, 370-71 (7th Cir. 2012) (noting that

Rule 23(b)(2) does not mention "opting out" but that "the case law permits the judge to allow opt out").

This Court will not, however, dismiss this action. J.T. has asserted a claim for damages in Count 4. The class certified in N.B. v. Hamos is for injunctive and declaratory relief only. Although the Northern District court has the authority to devise a method of adjudicating individual damages claims, the court may choose not to do so. Dismissal is rarely appropriate "unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 444 (7th Cir. 2000). Because it is unclear whether dismissal will adversely affect J.T.'s rights, the Motion to Dismiss is denied.

The Court also, in its discretion, will not transfer the cause of action to the Northern District.[1] Section 1404(a) of Title 28 of the

---

[1] In opposing dismissal and transfer, J.T. asserts that he is only seeking damages under Count 4 and is not seeking any additional injunctive relief. However, J.T. is not entitled to damages unless he can establish liability. The liability issues in this case are essentially the same as those raised in N.B. v. Hamos. Therefore, the Court does not adopt this argument as a basis for denying dismissal or transfer.

United States Code provides the circumstances under which a court may transfer a civil action to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In cases where the district court is asked to transfer one lawsuit to the forum where an identical lawsuit is pending, the court may consider the order in which the suits were filed among the factors evaluated under § 1404(a). Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 982 (7th Cir. 2010) (refusing to adopt an inflexible rule that the first-filed case controls).

In this case, the action could have been brought in the Northern District because Defendant Hamos, in her official capacity, resides in any judicial district in which she is subject to the court's personal jurisdiction. See 28 U.S.C. § 1391(b)(1) (venue is proper in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located"); § 1391(c)(2) (a defendant entity is deemed to reside in any

judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question). The Northern District case was also filed before the instant case.

However, the Northern District is not convenient to the parties and the witnesses. J.T. is a resident of Danville, Illinois, and his treating clinicians are located in Danville. Moreover, the witnesses and evidence supporting J.T.'s claim for damages are located in the Central District of Illinois.

The interests of justice, which in this case include judicial economy and comity, support a stay as opposed to a transfer, in light of the convenience to the parties and witnesses. See <u>Blair v. Equifax Servs., Inc.</u>, 181 F.3d 832, 839 (7th Cir. 1999) (noting that "[w]hen overlapping suits are filed in separate courts, stays (or, rarely, transfers) are the best means of coordination"). Allowing parallel suits to proceed is an inefficient use of court resources.

The parties do not address offensive collateral estoppel,[2] whether the estoppel here would be considered mutual or nonmutual, or whether offensive collateral estoppel could even be

---

[2] "Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party." <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 326 n.4 (1979).

asserted against Defendant in the event this Court reached a judgment in favor of J.T. prior to a judgment in the Northern District court.  See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332 (1979) (holding that federal courts have the discretion to allow the use of nonmutual offensive collateral estoppel if warranted by the circumstances); United States v. Mendoza, 464 U.S. 154 (1984) (limiting the holding in Parklane by holding that nonmutual offensive collateral estoppel could not be asserted against the United States); Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1579 (11th Cir. 1985) (extending Mendoza to state governments).  Assuming that collateral estoppel would not apply, the issue of whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act would then be litigated twice and could result in inconsistent adjudications.  This is particularly troubling where J.T. remains a member of the class certified in N.B. v. Hamos.

In contrast, because the Northern District action is a class action and J.T. is a part of that class, the determination in the Northern District will clearly bind J.T. and all other class members.

See, e.g., Schor v. Abbott Lab., 457 F.3d 608, 615 (7th Cir. 2006) (noting that a decision favorable to the defendant in a California lawsuit was not conclusive against a plaintiff who was not a party to that action unless the court in the California action certified a class and the plaintiff failed to opt out). Resolution of the identical issue on a class-wide basis is a more appropriate use of court resources. In addition, the Northern District case has been pending since 2011 and that court has as much familiarity with the issues as this Court.

Notably, the instant case has progressed further than N.B. v. Hamos. Discovery is completed in this case, and a partial motion for summary judgment is pending but not fully briefed. However, J.T. will not be prejudiced by any delay because he is living with his family and not currently seeking any additional injunctive relief. The only delay he will suffer is to the recovery of damages and attorney's fees. Although the Court does not suggest that a delay to recover damages and attorney's fees is minimal, the issue can be quickly resolved following a determination on whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act. Staying

this case will also reduce the attorney's fees incurred, avoid duplicative work for the attorneys, and streamline any potential settlement.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss or Transfer Case to Northern District of Illinois (d/e 27) is DENIED. The Court, sua sponte, STAYS this cause of action pending a determination in N.B. v. Hamos of whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act. All pending deadlines are vacated. The pending Partial Motion for Summary Judgment (d/e 25) is DISMISSED with leave to refile after a ruling in N.B. v. Hamos.

ENTER: April 21, 2014

FOR THE COURT:

                              s/ Sue E. Myerscough
                              SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE